UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CHRIS JOHNSTON,**<br><br>**Plaintiff,**<br><br>v<br><br>**MIDLAND CREDIT MANAGEMENT, INC and MIDLAND FUNDING, LLC,**<br><br>**Defendants.** | **Case No. 1:16-CV-00437-RHB-ESC**<br><br>**Hon. Robert Holmes Bell**<br><br>**Magistrate Ellen S. Carmody** |

| | |
|---|---|
| B. Thomas Golden (P70822)<br>Golden Law Offices, P.C.<br>Attorney for Plaintiff<br>2186 West Main Street<br>P.O. Box 9<br>Lowell, MI 49331<br>(616) 897-2900<br>btg@bthomasgolden.com | Theodore W. Seitz (P60320)<br>Aaron L. Vorce (P68797)<br>Dykema Gossett PLLC<br>Attorneys for Defendants<br>Capitol View<br>201 Townsend St., Suite 900<br>Lansing, MI 48933<br>(517) 374-9100<br>tseitz@dykema.com<br>avorce@dykema.com |

## ANSWER TO COMPLAINT

NOW COME Defendants Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC ("Midland Funding") (collectively "Defendants"), by and through their counsel, Dykema Gossett, PLLC, and answer Plaintiff Chris Johnston's ("Plaintiff") Complaint and plead their affirmative defenses as follows:

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

**ANSWER**:   The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent a response is required, Defendants admit only that Plaintiff purports to bring an action under the Fair Debt Collection Practices Act ("FDCPA") that vests this Court with subject matter jurisdiction.

2.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), by Defendants Midland Credit Management (hereinafter "Defendant MCM" and/or "MCM") and Defendant Midland Funding, LLC (hereinafter "Defendant MFL" and/or "MFL") and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

**ANSWER**:   The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent a response is required, Defendants admit only that Plaintiff purports to bring an action under the FDCPA. Defendants deny the remaining allegations including the allegations that it violated the FDCPA.

3.      Venue is proper in this District because the acts and transactions occurred in this District, Plaintiff resides in Ionia County, and Defendants transact business in Ionia County.

**ANSWER**:   Defendants admit only that based upon the allegations in the Plaintiff's Complaint, venue is proper in the United States District Court for the Western District of Michigan.

## PARTIES

4.      Plaintiff Chris Johnston is a natural person who resides in the County of Ionia, State of Michigan;

**ANSWER**:   Defendants are without sufficient knowledge, information, or belief to admit or deny the allegations.

2

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §1692k(a).

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge, information, or belief to admit or deny the allegations.

6. Defendant MCM is a Kansas corporation, with its domestic registered agent located in Lansing, Michigan.

**ANSWER**: Defendants admit only that MCM is a Kansas corporation. Defendants deny that MCM's domestic registered agent is located in Lansing, Michigan.

7. Defendant MCM uses interstate commerce and the mails in a business where its principal purpose is the collection of debts.

**ANSWER**: Defendants are without sufficient knowledge, information, or belief to admit or deny the allegations in this paragraph on the basis that the allegations are vague as to the use of the term "mails." Defendants deny the remaining allegations in this paragraph.

8. Defendant MCM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**ANSWER**: The allegations set forth are conclusions of law to which no response is required. To the extent that a response is required, MCM may be deemed a debtor for some purposes under the FDCPA.

9. Defendant MCM holds itself out as a "debt collector."

**ANSWER**: Defendants are without sufficient knowledge, information, or belief to admit or deny the allegations in this paragraph on the basis that the allegations are vague as to the use of the term "debt collector."

10. Defendant MFL is a Delaware limited liability company, with its domestic registered agent located in Lansing, Michigan.

**ANSWER**: Defendants admit that Midland Funding is a Delaware limited liability corporation. Defendants deny that Midland Funding's registered agent is located in Lansing, Michigan.

11. Defendant MFL uses interstate commerce and the mails in a business where its principal purpose is the collection of debts.

**ANSWER**: Defendants are without sufficient knowledge, information, or belief to admit or deny the allegations in this paragraph on the basis that the allegations are vague as to the use of the term "mails." Defendants deny the remaining allegations in this paragraph.

12. Defendant MFL is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**ANSWER**: The allegations set forth are conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegation as untrue.

## FACTUAL ALLEGATIONS

13. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit account with Washington Mutual Bank.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent a response is required, Defendants admit only that Plaintiff

4

incurred a debt with a Washington Mutual Bank credit card. Defendants are without sufficient knowledge, information, or belief to admit or deny the remaining factual allegations in this paragraph.

14. Plaintiff defaulted on the debt.

**ANSWER**: Defendants are without sufficient knowledge, information, or belief to admit or deny the allegations in this paragraph on the basis that the allegations are vague as to the use of the term "the debt." Defendants admit only that Plaintiff defaulted on a Washington Mutual Bank credit card.

15. Sometime after Plaintiff's default, the debt was sold, consigned, placed, assigned, or otherwise transferred to Defendant MCM and/or Defendant MFL for collection from Plaintiff.

**ANSWER**: Defendants are without sufficient knowledge, information, or belief to admit or deny the allegations in this paragraph on the basis that the allegations do not specify as to which "debt" they refer. Defendants admit only that Midland Funding purchased all rights, title, and interests in Plaintiff's Washington Mutual Bank credit card debt.

16. Sometime after Defendant MCM and or Defendant MFL acquired the debt, Defendant MCM or Defendant MFL became a servicer of the debt.

**ANSWER**: Defendants admit only that sometime after Midland Funding acquired the debt, MCM began to service Plaintiff's Washington Mutual Bank credit card debt.

17. Defendant MCM is acting on behalf of Defendant MFL, in Defendant MCM's attempt to collect the debt.

**ANSWER**: The allegations set forth are conclusions of law to which no response is required. To the extent that a response is required, Defendants admit that MCM is the servicer of the debt owned by Midland Funding.

5

18. With respect to Plaintiff's account, Defendant MCM acts within the scope of authority granted to it by Defendant MFL.

**ANSWER**: The allegations set forth are conclusions of law to which no response is required. To the extent that a response is required, Defendants admit that MCM is the servicer of the debt owned by Midland Funding.

19. Upon information and belief, Defendant MFL purchased Plaintiff's debt for less than 5% of the amount Defendant MFL claims that the Plaintiff owes.

**ANSWER**: Defendants are without sufficient knowledge, information, or belief to admit or deny the allegations in this paragraph on the basis that the allegations in this paragraph fail to specify the scope of time in which the Midland Defendants allegedly claimed an amount owed.

20. On or about February 24, 2016, Defendant MCM sent a letter to Plaintiff, attached as Exhibit A.

**ANSWER**: Defendants admit that MCM mailed to Plaintiff a letter dated February 24, 2016. The February 24, 2016 letter speaks for itself. To the extent the allegations in this paragraph are inconsistent with the February 24, 2016 letter, Defendants deny the allegations.

21. The letter to Plaintiff, attached as Exhibit A, congratulated Plaintiff for being "...pre-approved for a discount program...."

**ANSWER**: Defendants admit that MCM mailed to Plaintiff a letter dated February 24, 2016. The February 24, 2016 letter speaks for itself. To the extent the allegations in this paragraph are inconsistent with the February 24, 2016 letter, Defendants deny the allegations.

22. The letter to Plaintiff, attached as Exhibit A, indicated that Plaintiff had several proposed options, plus an invitation to call Defendant MCM if one of the three options didn't work for Plaintiff.

**ANSWER**: Defendants admit that MCM mailed to Plaintiff a letter dated February 24, 2016. The February 24, 2016 letter speaks for itself. To the extent the allegations in this paragraph are inconsistent with the February 24, 2016 letter, Defendants deny the allegations.

23. The letter to Plaintiff, attached as Exhibit A, indicated that Plaintiff's first option was to pay one payment, due March 25, 2016, to settle the account for a 90% discount.

**ANSWER**: Defendants admit that MCM mailed to Plaintiff a letter dated February 24, 2016. The February 24, 2016 letter speaks for itself. To the extent the allegations in this paragraph are inconsistent with the February 24, 2016 letter, Defendants deny the allegations.

24. The letter to Plaintiff, attached as Exhibit A, indicated that Plaintiff's second option was for "Monthly Payments of Only $0.00."

**ANSWER**: Defendants admit that MCM mailed to Plaintiff a letter dated February 24, 2016. The February 24, 2016 letter speaks for itself. To the extent the allegations in this paragraph are inconsistent with the February 24, 2016 letter, Defendants deny the allegations.

25. On March 24, 2016, Plaintiff called Defendant MCM by telephone.

**ANSWER**: Defendants admit that Plaintiff called MCM by telephone on March 24, 2016.

26. Defendant gathered personal information from Plaintiff during the March 24, 2016 telephone call.

**ANSWER**: Defendants admit only that the MCM representatives with whom Plaintiff spoke requested that Plaintiff confirm his name, address, and last four numbers of his Social

7

Security Number so that the representatives could verify they were speaking to the correct individual.

27. During the March 24, 2016 phone call, Plaintiff first spoke to an individual who identified himself as Steven Slate.

**ANSWER**: Admitted.

28. During the March 24, 2016 phone call, Plaintiff indicated that he accepted Defendant MCM's option two, as proposed in the letter dated February 24, 2016.

**ANSWER**: Denied. During the March 24, 2016 telephone call, Plaintiff informed the MCM representatives that his attorney, who represents Plaintiff in this action, advised Plaintiff "to take option two" and asked whether the MCM representatives would like to speak with his attorney.

29. During the March 24, 2016 phone call, Plaintiff was told that Defendant MCM could not honor the second option from the letter dated February 24, 2016.

**ANSWER**: Denied. During the March 24, 2016 telephone call, the MCM representative informed Plaintiff that there was an error in the February 24, 2016 letter in that the "option two" field was not populated correctly. The MCM representatives clarified that the available option was for the 90% discount as stated in the February 24, 2016 letter.

30. During the March 24, 2016 phone call, Plaintiff indicated that he was represented by legal counsel, and provided his attorney's name and contact information.

**ANSWER**: Defendants admit that Plaintiff stated during the March 24, 2016 telephone call that he was represented by his attorney in this action and provided the attorney's contact information. Plaintiff also stated that his attorney advised him "to take option two" and asked whether the MCM representatives would like to speak with his attorney.

8

31. Defendant then transferred Plaintiff's call to a female who identified herself as Rose Anderson. Ms. Anderson indicated that Defendant MCM could not honor the second option, as described in the letter dated February 24, 2016.

**ANSWER**: Defendants admit that Plaintiff spoke with an MCM representative identified as Rose Anderson during the March 24, 2016 telephone call. Defendants deny the implied chronology of the telephone call. In further answer, the MCM representative informed Plaintiff that there was an error in the February 24, 2016 letter in that the "option two" field was not populated correctly. The MCM representatives clarified that the available option was for the 90% discount as stated in the February 24, 2016 letter.

32. Plaintiff again stated that he was represented by legal counsel, and when he offered counsel's name and number, she indicated that she did not want the information.

**ANSWER**: Defendants admit that Plaintiff stated during the March 24, 2016 telephone call that he was represented by his attorney in this action and provided the attorney's contact information. Plaintiff also stated that his attorney advised him "to take option two" and asked whether the MCM representatives would like to speak with his attorney.

33. After acknowledging that Plaintiff was represented by legal counsel, Defendant MCM continued to attempt to collet [sic] payment from Plaintiff.

**ANSWER**: Denied.

34. Upon information and belief, Defendant MCM has a policy and set of procedures that an agent of Defendant MCM must follow when he or she learns that a debtor has legal representation.

**ANSWER**: Defendants admit that MCM has procedures in place regarding circumstances in which a debtor informs MCM that he or she is represented by an attorney.

9

35. Upon information and belief, Defendant MCM has a policy that once a debtor indicates he or she is represented by legal counsel, Defendant MCM will attempt to get the name and contact information of the debtor's legal counsel, then terminate the phone call.

**ANSWER**: Defendants deny that these allegations accurately describe MCM's complete policies regarding circumstances in which a debtor informs MCM that he or she is represented by an attorney.

36. During the twelve months immediately preceding the filing of this Complaint, Defendant MCM has been placing telephone calls to Plaintiff's phone.

**ANSWER**: Denied. Defendants have placed no telephone calls to Plaintiff during the twelve months immediately preceding the filing of the Complaint.

37. On multiple occasions, within one year prior to the filing of this Complaint, when Plaintiff answers Defendant MCM's phone calls, the Plaintiff hears silence, or dead air, then the call disconnects.

**ANSWER**: Denied. Defendants have placed no telephone calls to Plaintiff during the twelve months immediately preceding the filing of the Complaint.

38. Defendant MCM has, at times, within one year prior to the filing of this complaint called Plaintiff two or more times in a 24 hour period.

**ANSWER**: Denied. Defendants have placed no telephone calls to Plaintiff during the twelve months immediately preceding the filing of the Complaint.

39. Defendant MCM has, at times, within one year prior to the filing of this complaint called Plaintiff six or more times in a calendar month.

**ANSWER**: Denied. Defendants have placed no telephone calls to Plaintiff during the twelve months immediately preceding the filing of the Complaint.

40. Defendant MCM's calls to Plaintiff are for the purpose of collecting on Plaintiff's debt.

**ANSWER**: Denied. Defendants have placed no telephone calls to Plaintiff during the twelve months immediately preceding the filing of the Complaint.

41. As a direct, actual, and proximate result of the acts and omissions each Defendant, Plaintiff has suffered actual damages in the form of emotional distress, frustration, upset, amongst other negative emotions caused by each Defendant's acts and omissions.

**ANSWER**: Denied.

### TRIAL BY JURY

42. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny that any issues raised by Plaintiff are appropriate for trial by jury.

### CAUSES OF ACTION
### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq. BY DEFENDANT MCM

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER**: Defendants incorporate by reference their answers to paragraphs 1-42 as though fully set forth herein.

11

44. The foregoing acts and omissions of Defendant MCM and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

45. Defendant MCM violated 15 U.S.C. § 1692d through its course of conduct, more fully described in the preceding paragraphs, as the natural result of that conduct was to harass, or abuse Plaintiff in connection with the collection of Defendant MCM's account.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

46. Defendant MCM violated 15 U.S.C. § 1692d through the volume and frequency of calls Defendant MCM placed to Plaintiff.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

47. Defendant MCM violated 15 U.S.C. § 1692d(5) through the volume and frequency of calls Defendant MCM placed to Plaintiff, with the intent to annoy, harass, abuse, or harass Plaintiff.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

48. Defendant MCM violated 15 U.S.C. § 1692e by its false, deceptive, or misleading representation or means in connection with the collection of the debt.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

49. Defendant MCM violated 15 U.S.C. § 1692e(2)(A) by its false representation of the character, amount, or legal status of the debt.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

50. Defendant MCM violated 15 U.S.C. § 1692e(5) by offering to take an action that was not intended to be taken.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

51. Defendant MCM violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to attempt to collect a debt, or to obtain information concerning Plaintiff.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

52. Defendant MCM violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to attempt to collect a debt by specifically offering a payment plan, then not honoring the offer when Plaintiff accepted the offer.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

53. Defendant MCM violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to attempt to collect a debt through the volume or timing of calls Defendant MCM placed to Plaintiff.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

54. As a result of Defendant MCM's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant MCM herein.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

### COUNT II.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq. BY DEFENDANT MFL

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER**: Defendants incorporate by reference their answers to paragraphs 1-54 as though fully set forth herein.

56. The foregoing acts and omissions of Defendant MFL and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

57. Defendant MFL violated 15 U.S.C. § 1692d through its course of conduct, more fully described in the preceding paragraphs, as the natural result of that conduct was to harass, or abuse Plaintiff in connection with the collection of Defendant MFL's account.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

58. Defendant MFL violated 15 U.S.C. § 1692d through the volume and frequency of calls Defendant MCM placed to Plaintiff.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

59. Defendant MFL violated 15 U.S.C. § 1692d(5) through the volume and frequency of calls Defendant MCM placed to Plaintiff, with the intent to annoy, harass, abuse, or harass Plaintiff.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

60. Defendant MFL violated 15 U.S.C. § 1692e by its false, deceptive, or misleading representation or means in connection with the collection of the debt.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

61. Defendant MFL violated 15 U.S.C. § 1692e(2)(A) by its false representation of the character, amount, or legal status of the debt.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

62. Defendant MFL violated 15 U.S.C. § 1692e(5) by offering to take an action that was not intended to be taken.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

63. Defendant MFL violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to attempt to collect a debt, or to obtain information concerning Plaintiff.

**ANSWER**: The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

64. Defendant MFL violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to attempt to collect a debt by specifically offering a payment plan, then not honoring the offer when Plaintiff accepted the offer.

**ANSWER**:   The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

65.   Defendant MFL violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to attempt to collect a debt through the volume or timing of calls Defendant MCM placed to Plaintiff.

**ANSWER**:   The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

66.   As a result of Defendant MFL's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant MFL herein.

**ANSWER**:   The allegations of this paragraph set forth conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations as untrue.

WHEREFORE, Defendants state that Plaintiff's complaint should be dismissed with prejudice, that all of Plaintiff's requested relief be denied, and that Defendants be awarded their attorneys' fees and costs in defending this action.

## **AFFIRMATIVE DEFENSES**

Further answering the Complaint, and as additional defenses thereto, Defendants incorporate by reference the foregoing answers and affirmative defenses as though fully set forth

herein, without assuming the burden of proof where such burden is otherwise on Plaintiff as a matter of applicable substantive procedural law, and further state as follows:

1. Plaintiffs have failed to state a claim upon which relief can be granted under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. To the extent that Defendants are found to have violated the FDCPA, such violations were unintentional and the result of a bona fide error notwithstanding procedures reasonably adapted to avoid such error.

3. Plaintiff's claims are barred by the one-year statute of limitations under the FDCPA and/or laches. Defendants have not made any attempt to contact Plaintiff by telephone within the one year period preceding the filing of the Complaint.

4. Plaintiffs' claims must be denied because of Plaintiffs' own conduct and/or unclean hands.

WHEREFORE, Defendants state that Plaintiff's complaint should be dismissed with prejudice, that all of Plaintiff's requested relief be denied, and that Defendants be awarded their attorneys' fees and costs in defending this action.

Date: June 30, 2016                                    Respectfully submitted,

                                                       DYKEMA GOSSETT PLLC


                                                       By: */s/ Aaron L. Vorce*
                                                           Theodore W. Seitz (P60320)
                                                           Aaron L. Vorce (P68797)
                                                           Dykema Gossett PLLC
                                                           Attorneys for Defendants
                                                           Capitol View
                                                           201 Townsend St., Suite 900
                                                           Lansing, MI 48933
                                                           (517) 374-9152

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record. I hereby certify that I have mailed by United States Postal Service the same to any non-ECF participants.

/s/ Aaron L. Vorce
Theodore W. Seitz (P60320)
Aaron L. Vorce (P68797)
Dykema Gossett PLLC
Attorneys for Defendants
Capitol View
201 Townsend St., Suite 900
Lansing, MI 48933
(517) 374-9149

4833-2571-6788.1
097356\000494