UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS JOHNSTON,

        Plaintiff,

                                    Case No. 1:16-cv-437

v.

                                    HON. ROBERT HOLMES BELL

MIDLAND CREDIT MANAGEMENT, et al.,

        Defendants.

_____/

## OPINION

Plaintiff brings an action under the Fair Debt Collection Practices Act ("Act"), alleging false, deceptive, and misleading statements in violation of 15 U.S.C. § 1692e. Defendants are Midland Credit Management ("MCM"), Plaintiff's debt servicer, Midland Funding, Plaintiff's debt owner, and Encore Capital Group, their parent company. Defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 31.) Plaintiff has filed a response (ECF No. 33) and Defendants have filed a reply (ECF No. 34).

### I.

The relevant facts are not in dispute. Plaintiff incurred credit card debt totaling $1,406.43. He failed to make his monthly payments and defaulted. On February 24, 2016, MCM sent a letter to Plaintiff, which stated that he had been pre-approved for a discount program to pay off his debt and provided him with three repayment options. (Am. Compl.

Ex. A, ECF No. 21-1, PageID.131.)   The first option listed a discount rate of 90% and required one payment of $140.64 due on March 25, 2016. (*Id.*)   The second option listed a blank discount rate percentage and a monthly payment of $0.00 due on March 25, 2016. (*Id.*) The third option provided monthly payments as low as $50 per month, but requested that the recipient of the letter call for more details.   (*Id.*)   At issue is Defendants' statement in the second option.   After receiving the letter, Plaintiff retained counsel, who advised Plaintiff to call MCM and indicate that he wanted to proceed with the second option.

Plaintiff followed counsel's advice, and on March 24, 2016, he spoke with two MCM representatives.  (ECF No. 21-2, PageID.137, PageID.141.)   During the calls, Plaintiff told both representatives that he had spoken with his attorney, who advised him to take the zero-dollar payment option.  In response, an MCM customer-service representative explained that there was an error in the letter he received; the second option had not populated correctly. (*Id.* at PageID.142.)  The representative also explained that the first option was still available and offered to speak with Plaintiff's attorney about it.  (*Id.*)  Plaintiff rejected the first option and stated that he only wanted the zero-dollar payment option.   (*Id.*)   Again, the representative reminded Plaintiff that the second option was an error, but the first option was still available.  (*Id.*)  Plaintiff once more confirmed that the only option was the 90-percent discount and ended the call.  (*Id.*)

Plaintiff's amended complaint alleges that the second option in the letter was false, misleading, or deceptive, in violation of the Act's §§ 1692e(10) and 1692e.  Defendants filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure

to state a claim upon which relief can be granted under Rule 12(b)(6).  Defendants also argue that Plaintiff cannot plead facts to support the requirements of a class action under Rules 23(a) and 23(b).

## II.

### A. Standing

A plaintiff invoking federal jurisdiction bears the burden of establishing the "irreducible constitutional minimum" of standing under Article III by demonstrating (1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  "'It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'"  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-48 (2016) (quoting *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997)).  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Spokeo*, 136 S. Ct. at 1548. (quoting *Lujan*, 504 U.S. at 560).  A concrete injury must be "*de facto*; that is, [it must] actually exist."  *Id.*  Simply alleging a "bare procedural violation" does not satisfy the concrete-harm requirement.  *Id.* at 1550.  Although intangible injuries "can nevertheless be concrete," *id.* at 1549, Plaintiff must suffer "real" and "not abstract" injury, *id.* at 1556.  Further, "not all inaccuracies cause harm or present any material risk of harm."  *Id.* at 1550.

### B. Rule 12(b)(6)

3

Under Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  When assessing a 12(b)(6) motion, the Court must accept all of Plaintiff's factual allegations as true and construe the complaint in the light most favorable to Plaintiff.  *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  Defendants attached Plaintiff's Rule 26(a) disclosures as an exhibit to their motion to dismiss, but only refer to the exhibit to support their 12(b)(1) motion.  Therefore, the Court will only consider Defendants' exhibit for the 12(b)(1) motion, and will assess both grounds for relief under the motion-to-dismiss standard.[1]

---

[1] Plaintiff included the letter and the phone call transcripts as exhibits to his amended complaint. (ECF Nos. 21-1, 21-2.)  Under Rule 10(c), the Court will treat those exhibits as part of the complaint.

## III.

### A. Standing

Defendants argue that Plaintiff has failed to allege a concrete injury. A plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo*, 136 S. Ct. at 1549. Defendants argue that Plaintiff's amended complaint does just that. Defendants contend that the mistaken language of the letter does not change the fact that Plaintiff owed the full amount of the debt at issue. Defendants also cite recent cases from the United States Courts of Appeals for the Sixth Circuit, *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576 (6th Cir. 2016), and the Seventh Circuit, *Meyers v. Nicolet Rest. of De Pere*, 843 F.3d 724 (7th Cir. 2016), in support.

For claims arising under a federal statute, a plaintiff is "not absolved from showing that the elements of Article III are met." *Soehnlen*, 844 F.3d at 581 (citing *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 606-07 (6th Cir. 2007)). The Court must determine whether Plaintiff has "'such a personal stake in the outcome of the controversy' as to warrant [his] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on their behalf." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (internal quotations omitted)). In *Soehnlen*, the Sixth Circuit rejected the plaintiff's claim that a statutory violation established Article III standing. *Id.* at 584. The court opined that, although "the Supreme Court [has] acknowledged that non-tangible injuries, including violations of statutory rights, may satisfy the constitutional showing of an injury-in-fact," the Supreme Court has also cautioned "that 'Congress's role in identifying and elevating

5

intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Id.* at 581.  Thus, even if the Court assumes that Plaintiff's alleged injury is sufficiently particularized, Plaintiff "must still show that the deprivation of a right created by statute is accompanied by 'some concrete interest that is affected by the deprivation.'"  *Id.* (quoting *Spokeo*, 136 S. Ct. at 1548).  In other words, an "injury based on a statutory violation must constitute a 'risk of real harm' to the plaintiff." *Id.*

Further, the Seventh Circuit's decision in *Meyers* supports Defendants' argument.  In *Meyers*, the Seventh Circuit held that the plaintiff lacked standing, explaining that "Congress does not have the final word on whether a plaintiff has alleged a sufficient injury for the purposes of standing, because 'not all inaccuracies cause harm or present any material risk of harm.'"*Id.* at 727 (quoting *Spokeo*, 136 S. Ct. at 1550).  "More than a 'bare procedural violation, divorced from any concrete harm' is required to satisfy Article III's injury-in-fact requirement." *Id.* (quoting *Spokeo*, 136 S. Ct. at 1549).  The Seventh Circuit explained that *Spokeo* compelled the conclusion that the plaintiff's allegations were insufficient to satisfy the injury-in-fact requirement.  *Id.*  Moreover, the court held that the plaintiff's allegations "demonstrate that [he] did not suffer any harm[.]  Nor has the violation created any appreciable risk of harm."  *Id.*

Here, Plaintiff generally alleges that he has suffered actual damages as a result of Defendants' conduct.  (Pl.'s Am. Compl., ECF No. 21, PageID.127-28.)  Although Plaintiff

6

claims that he has not been able to put the subject debt behind him for $0.00 and that other collection attempts in the future may occur, he has not alleged any risk of real harm. *See Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (explaining that the Supreme Court has "repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact' and that 'allegations of *possible* future injury' are not sufficient) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). The letter's statements do not change the fact that Plaintiff owed this debt. Moreover, Plaintiff has not shown that the risk of future collection attempts is certainly impending. Rather, he simply alleges that collection may occur. This is not enough to establish a concrete injury.

Plaintiff also argues that "his receipt of the false, deceptive and misleading collection letter caused him to keep the letter and seek advise of counsel, thus incurring *de minimis* travel expenses, loss of time to evaluate the letter and call Midland to determine the validity of the offer, as opposed to ignoring it and throwing it in the trash." (ECF No. 38, PageID.298-99.) Plaintiff contends that "the violation and the harm was incurred upon receipt of the subject form letter, and further harm to Plaintiff incurred thereafter in the amount of *de minimis* damages as noted above in determining whether he could accept Defendants' settlement offer." (*Id.* at PageID.299.) Plaintiff acknowledges that the harm happened upon receipt of the letter—a bare statutory violation. But that alone is not enough to satisfy a concrete injury.

In addition, Plaintiff argues that *Meyers* provides foundation for his *de minimis* harm argument. When the Seventh Circuit held that the plaintiff lacked standing, it noted that the

defendant's act "did not affect [the plaintiff's] behavior."  *Meyers*, 843 F.3d at 728 n.4. Plaintiff contends that he changed his behavior after receiving the letter, so the *de minimis* damages resulting from that change are sufficient to create actual harm.  Again, the fact that Plaintiff sought advice of an attorney does not change the fact that he owed the debt and had a moral obligation to pay it.  Although Plaintiff asserts that he would have thrown the letter way, he has not shown any concrete interest affected by Defendants' letter.  He still had this debt, and he sought out a way to put it behind him.

Further, Plaintiff does not cite any authority to support a finding of concrete injury for seeking advice of counsel or incurring *de minimis* travel expenses and loss of time.  In fact, several circuits have utilized the same analysis as *Soehnlen* and *Meyers* in post-*Spokeo* cases.  *See Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016) ("In the absence of a connection between a procedural violation and a concrete interest, a bare violation of the former does not manifest injury in fact."); *Hancock v. Urban Outfitters, Inc.*, 830 F.3d 511, 514 (D.C. Cir. 2016) (no standing where plaintiffs alleged that department store clerk violated District of Columbia consumer protection statutes by asking for their zip codes, but alleged no injury caused by the violation such as "any invasion of privacy, increased risk of fraud or identity theft, or pecuniary or emotional injury"); *Lee v. Verizon Commc'ns. Inc.*, 837 F.3d 523, 529-30 (5th Cir. 2016) (no standing where plaintiff alleged breach of a duty under ERISA but no harm caused by the mismanagement of the pension plan); *Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930-31 (8th Cir. 2016) (no standing where plaintiff alleged that the cable company had retained personal information in violation of Cable

8

Communications Policy Act, but suffered no harm because of it); *Nicklaw v. Citimorgage, Inc.*, 839 F.3d 998, 1002-03 (11th Cir. 2016) (no standing where plaintiff alleged that the defendant failed to record a satisfaction of a mortgage within the required 30 days under the state statute but alleged no harm flowing from that failure).

Thus, much like *Soehnlen* and *Meyers*, Plaintiff has not pleaded sufficient facts to allow the Court to draw the inference of a concrete injury. If the Court were to accept Plaintiff's argument, "the federal courts would be flooded with cases based not on proof of harm but on an implausible and at worst trivial risk of harm." *See Gubala v. Time Warner Cable, Inc.*, No. 16-2613, 2017 U.S. App. LEXIS 1058, at *6 (7th Cir. Jan. 20, 2017). Further, a plaintiff would be able to satisfy the concrete-injury requirement simply by consulting an attorney. *See Yucaipa Am. Alliance Fund I, L.P. v. Ehrlich*, Civ. No. 15-373, 2016 WL 4582519 at *8 ("Regarding plaintiffs' argument that the complaint pleads 'concrete financial loss' in the form of 'millions in attorneys' fees and costs,' this alleged injury does not confer RICO standing either.").

Plaintiff also relies on a pre-*Spokeo* case, *Beaudry v. TeleCheck Services*, 579 F.3d 702, 706-07 (6th Cir. 2009), to argue that he has suffered a legally-recognizable harm by simply receiving a collection letter containing false, misleading or deceptive statements, in violation of § 1692e(10). But *Beaudry* is inapposite for several reasons. First, it involved a 12(b)(6) motion, so the court's discussion of standing is dicta. Second, "the analysis employed in *Beaudry* was precisely the one found inadequate by the *Spokeo* Court." *Macy v. GC Servs. Lim. P'ship*, No. 3:15-cv-819, 2016 WL 5661525, at *2 n.2 (W.D. Ky. Sept. 29,

2016) (noting that the *Beaudry* Court focused on whether the plaintiff's injury was particularized, leaving the question of concreteness unanswered). Finally, the Sixth Circuit has more recently recognized, as did the *Spokeo* Court, "that although Congress may create new legal rights by statute, a plaintiff must be able to show that she suffered 'a concrete, particularized, and personal injury . . . as a result of the violation of the newly created legal rights' in order to have Article III standing." *Id.* (quoting *Imhoff Inv., LLC v. Alfoccino, Inc.*, 792 F.3d 627, 633 (6th Cir. 2015)). Therefore, Plaintiff's reliance on this case is misplaced.

Plaintiff also cites an unpublished district court decision, *Carney v. Goldman*, No. 15-260, 2016 WL 7408849, at *5 (D.N.J. Dec. 22, 2016), to support his argument. In *Carney*, the plaintiffs alleged an "informational injury" and "a risk of economic injury due to [Defendant's] violation of 1692e of the FDCPA." *Id.* at *5. The court held that the plaintiffs had sufficiently alleged an injury-in-fact harm that was both particularized and concrete. *Id.* But *Carney* is distinguishable. In *Carney*, the defendant violated the Act by demanding an amount for collection costs when those costs were not yet, if at all, due. *Id.* Here, Plaintiff actually owes this debt and it is due. Moreover, in *Carney*, the court held that plaintiffs had satisfied the concrete requirement because there was "a clear *de facto* injury, *i.e.*, the unlawful use of false, deceptive and misleading representations" in connection with defendant's attempts to collect plaintiffs' debt. *Id.* The court explained that "[b]ecause [p]laintiffs have a personal statutory right to be free from abusive debt-collection practices, and because [p]laintiffs have alleged facts plausibly showing [that the d]efendant violated that right, [p]laintiffs 'need not allege any additional harm.'" *Id.* (quoting *Spokeo*, 136 S. Ct.

at 1519).  Not only is *Carney* not binding on the Court, it actually contradicts binding Sixth Circuit precedent.  *See Soehnlen,* 844 F.3d at 582.  For these reasons, *Carney* is not persuasive.

## B. Failure to State Plausible Claim for Relief

In addition, Plaintiff has not sufficiently alleged a materially false, deceptive or misleading statement.  The Act "prohibits a wide array of specific conduct, but it also prohibits, in general terms, any harassing, unfair, or deceptive debt collection practice, which enables the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed."  *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).  To determine whether conduct fits within the broad scope of the Act, the conduct is viewed through the eyes of the "least sophisticated consumer."  *Id.*  This standard recognizes that the Act protects the gullible and the shrewd alike while simultaneously presuming a basic level of reasonableness and understanding on the part of the debtor.  *Id.*  It assumes that the debt collector's communication "is read in its entirety, carefully and with some elementary level of understanding."  *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 510 (6th Cir. 2007).  "It is well-settled that courts may properly make the objective determination whether language effectively conveys a notice of rights to the least sophisticated debtor."  *Id.* at 508 n.2.

Reviewing the letter in its entirety, the least sophisticated consumer would realize that the $0.00 payment option was an error.  First, the second option listed " OFF," whereas the first option listed "90% OFF."  Further, the second option indicated a *first* payment due date

of March 25, 2016.  This not only shows that an amount was due, but that it could be made over multiple payments, which does not make sense if nothing was due.  Finally, the least sophisticated consumer would understand that giving nothing in exchange for the satisfaction of a debt is not a payment.  Thus, Plaintiff has failed to sufficiently allege a materially false, deceptive or misleading statement under the Act.

Likewise, "[a] statement cannot mislead unless it is material, so a false but non-material statement is not actionable."  *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009) (quoting *Hanh v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009)).  Although the second option was false, it was not materially false.  Because Plaintiff has failed to sufficiently plead that the statement was materially false, deceptive, or misleading, he also has failed to sufficiently plead that he was materially misled by the statement.

Finally, Plaintiff raises class action claims.  Because Plaintiff lacks standing and has failed to plead a plausible claim for relief under the Act, his class action claims are also dismissed.

An order and judgment will enter in accordance with this opinion.


Dated: January 26, 2017                         /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE